UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, ELEKTRA ENTERTAINMENT GROUP INC., LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC. and ZOMBA RECORDING LLC,<br><br>          Plaintiffs,<br><br>     against<br><br>ESCAPE MEDIA GROUP, INC., SAMUEL TARANTINO, JOSHUA GREENBERG, PAUL GELLER, BENJAMIN WESTERMANN-CLARK, JOHN ASHENDEN, CHANEL MUNEZERO and NIKOLA ARABADJIEV,<br><br>          Defendants. | 11 Civ. 8407 (TPG)(KNF) |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS ESCAPE MEDIA GROUP INC., SAMUEL TARANTINO AND JOSHUA GREENBERG TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

ROSENBERG & GIGER P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ...................................................................................................................... 4

I.      The Standard of Review of a Motion to Dismiss.................................................. 4

II.     The Amended Complaint Does Not State a Cognizable
        Copyright Infringement Claim............................................................................ 5

III.    The Amended Complaint Contains Insufficient Factual Allegations
        to State a Claim Against Escape that is Plausible on its Face. ......................... 11

CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

Page

Amorosa v. Ernst & Young LLP,
  682 F. Supp. 2d 351 (S.D.N.Y. 2010)........................................................................... 13

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) ............................................................................... 5, 13, 14

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................. 5

Brought to Life Music, Inc. v. MCA Records, Inc.,
  02 Civ. 1164 (RWS), 2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. 2003) ................................. 9, 10

Calloway v. Marvel Entm't Grp.,
  82 Civ. 8697 (RWS), 1983 U.S. Dist. LEXIS 15688 (S.D.N.Y. 1983) ................................. 8, 9

Carell v. The Shubert Org., Inc.,
  104 F. Supp. 2d 236 (S.D.N.Y. 2000).............................................................................. 9

Cole v. Allen,
  3 F.R.D. 236 (S.D.N.Y. 1942) ...................................................................................... 7

DiMaggio v. Int'l Sports Ltd.,
  97 Civ. 7767, 1998 U.S. Dist. LEXIS 13468 (S.D.N.Y. 1998) ...................................... 7

Dunlop v. City of New York,
  06 Civ. 0433 (RJS), 2008 U.S. Dist. LEXIS 38250 (S.D.N.Y. 2008) ......................................... 6

In re BISYS Secs. Litig.,
  397 F. Supp. 2d 430 (S.D.N.Y. 2005)................................................................... 13, 14

Jacobs v. Carnival Corp.,
  06 Civ. 0606 (DAB), 2009 U.S. Dist. LEXIS 31374 (S.D.N.Y. 2009) ....................... 6, 8, 9, 10

Kelly v. L.L. Cool J.,
  145 F.R.D. 32 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994)........................... 6

Matsumura v. Benihana Nat'l Corp.,
  542 F. Supp. 2d 245 (S.D.N.Y. 2008)................................................................... 2

Plunket v. Estate of Dame Jean Conan Doyle,
  99 Civ. 11006 (KMW), 2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. 2001) ...................... 6, 9

Williams v. Citibank, N.A.,
  565 F. Supp. 2d 523 (S.D.N.Y. 2008)................................................................... 2

Defendants Escape Media Group, Inc. ("Escape"), Samuel Tarantino ("Tarantino") and Joshua Greenberg ("Greenberg") hereby move to dismiss the claims asserted against them in plaintiffs' Amended Complaint.

## INTRODUCTION

Stripped of its vague characterizations and sweeping conclusions, plaintiffs' Amended Complaint is among the least informative and substantive pleadings imaginable.  Plaintiffs assert a single claim for copyright infringement against Escape and several of its employees (including Tarantino and Greenberg) for allegedly infringing "hundreds" of plaintiffs' copyrights in sound recordings by "uploading" those recordings to Escape's music streaming service found on the World Wide Web at www.grooveshark.com ("Grooveshark").  But plaintiffs do not even identify all of the works purportedly at issue, instead supplying a self-styled "representative list" of certain of those works, and, even as to that list, they make no attempt to distinguish among the alleged acts of the various defendants underlying their claims.  Instead, plaintiffs lump all defendants together without providing even the barest of notice to each defendant as to which copyrighted works he is alleged to have infringed, or where or during what time period each defendant supposedly engaged in the allegedly infringing conduct.  Such incomplete and indistinct allegations do not satisfy the threshold pleading requirements necessary to state a claim for copyright infringement.

Perhaps more remarkably, plaintiffs' claims against the corporate defendant, Escape, rest entirely upon the unsubstantiated, hearsay assertions of an anonymous third-party whom plaintiffs fail to identify, and concerning whom they are (at best) willfully blind.  Based on well-settled authority, this Court should disregard these insubstantial allegations, which would leave

the Amended Complaint devoid of averments supporting plaintiffs' asserted theory of corporate
liability against Escape.

For these reasons, elucidated below, the Court should dismiss the Amended Complaint as
to Escape and its executive employees, Tarantino and Greenberg, without prejudice to plaintiffs'
opportunity to re-plead claims - - if they can - - that meet the threshold pleading requirements
necessary to sustain a cause of action for infringement.

## FACTUAL BACKGROUND[1]

Plaintiffs - - among the world's largest record labels (Am. Compl. ¶ 31) - - begin their
Amended Complaint with the vague and self-serving characterization of Escape's Grooveshark
website as a "pirate website," with a catalog of 15 million sound recordings that it makes
available to "anyone with an Internet connection."[2]  (Id. ¶¶ 1, 2.)  Despite this already "massive
library" of sound recordings available on Grooveshark (id. ¶ 34), plaintiffs allege that the
individual defendants - - Escape officers and employees, ranging from the CEO to a "quality
assurance" worker - - personally uploaded "thousands" of *additional* recordings to the
Grooveshark website, "hundreds" of which are owned by plaintiffs.  (Id. ¶¶ 5, 21.)  It is these

---

[1] As is proper in the context of a motion to dismiss, the facts recited here are based upon the allegations set forth in plaintiffs' Amended Complaint, which, for purposes of the present Motion only, must be accepted by the Court as true.  See Matsumura v. Benihana Nat'l Corp., 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008).  Defendants' summary of those supposed "facts" does not, of course, acknowledge that they are true; indeed, defendants dispute virtually every material fact alleged in the Amended Complaint insofar as they purport to pertain to defendants' conduct.

[2] Plaintiffs' allegation that Escape operates a "pirate" music service is blatantly false.  In fact, Escape operates within the bounds of the Digital Millennium Copyright Act ("DMCA") and is licensed by a number of major entities in the record business and many other copyright owners.  The vast majority of the alleged 15 million sound recordings on the Grooveshark website were uploaded by Grooveshark users, and Escape scrupulously complies with the DMCA by honoring "take down" requests submitted by copyright owners and denying uploading privileges to all identified infringers.  While the Court must accept plaintiffs' *factual* allegations as true, it certainly need not accept plaintiffs' self-serving characterization of Escape as a "pirate service."  See Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008) ("a court may disregard a plaintiff's 'legal conclusions, deductions or opinions couched as factual allegations'").

"hundreds" of alleged additional "uploads" that form the basis of plaintiffs' putative claim against defendants for copyright infringement.

Plaintiffs continue in their Amended Complaint by alleging that Escape and its senior officers, *i.e.*, the so-called "Executive Defendants" (including Tarantino and Greenberg), also "directed the uploading" of certain of plaintiffs' sound recordings. (Id. ¶ 21.) The sole basis set forth in the Amended Complaint for this central allegation of corporate liability against Escape is an anonymous comment to a recent internet "blog posting." (Id. ¶ 6.) Plaintiffs assert that this anonymous comment, buried among dozens of other reader comments to a blog post on the website Digital Music News, is a "public admi[ssion]" (id. ¶ 37) of wrongdoing by Escape, as its unidentified author proclaims himself or herself in the comment to be "a Grooveshark employee." (Id. ¶ 6.) Plaintiffs do not reveal the identity of the anonymous commenter or provide any basis to believe that the commenter is actually an Escape employee or otherwise possesses any credible information concerning Escape's business operations.

Instructively, in their Amended Complaint, plaintiffs fail to identify all of the sound recordings at issue in their lawsuit. Rather, the Amended Complaint merely contains a chart of the purported "min[imum] number of uploads" allegedly attributable to some (but not all) of the individual defendants, without even specifying how many of these purported uploads concern sound recordings owned or controlled by plaintiffs. (Id. ¶ 34.) Plaintiffs also annex to the Amended Complaint what they acknowledge are incomplete "representative lists" purporting to identify certain (but not all) of "plaintiffs' sound recordings" allegedly uploaded by defendants. (See id. Exs. G, H & I.) But, with the exception of plaintiff UMG Recordings, Inc. ("UMG"), plaintiffs' "representative lists" fail to identify which sound recordings are allegedly owned by which plaintiffs, instead collectively attributing the lists to groupings of plaintiffs. (See id. Exs.

3

H & I.)  Moreover, plaintiffs do not allege *which* of their sound recordings each particular

defendant is alleged to have "uploaded" to Grooveshark, *when* the defendants are alleged to have

engaged in such "uploading" activity, or *where* that conduct is alleged to have taken place.

As discussed below, the confluence of plaintiffs' failure to provide the requisite

specificity regarding the alleged infringing conduct of each defendant with their reliance on an

unsubstantiated, anonymous, hearsay comment made on an internet blog renders the allegations

of the Amended Complaint insufficient to state a cognizable infringement claim against Escape,

Tarantino or Greenberg.  Accordingly, plaintiffs' Amended Complaint should be dismissed.

## ARGUMENT

Defendants Escape, Tarantino and Greenberg move to dismiss the Amended Complaint

on two separate bases.  First, plaintiffs have failed to state a claim for copyright infringement

against any defendant because plaintiffs do not specify which defendants allegedly infringed

which copyrighted works, where, or at what time.  As a result, well-established case authority

requires the dismissal of the Amended Complaint because it does not provide adequate notice to

each defendant of the alleged factual bases of plaintiffs' claims against that defendant.  Second,

plaintiffs' claim against Escape is subject to dismissal for the additional reason that plaintiffs'

allegations of Escape's supposed "direction" of infringing activities by its employees are based

solely upon the previously mentioned anonymous hearsay comment to an internet blog by an

unidentified author, which possesses absolutely no indicia of reliability and, for the reasons

addressed below, should be disregarded by this Court.

**I.     The Standard of Review of a Motion to Dismiss.**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must

contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its

4

face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)) (emphasis added).  Legal and other conclusory averments are not

sufficient to meet this pleading threshold; rather, a complaint must be buttressed by specific

factual allegations. Iqbal, 129 S. Ct. at 1950.  In the absence of such specific factual allegations,

pleadings, such as plaintiffs' Amended Complaint, that are "no more than conclusions are not

entitled to the assumption of truth." Id.

   Consistent with the foregoing, in its Iqbal decision, the Supreme Court established a

"two-pronged" approach to address motions to dismiss for failure to state a claim. First, the

court must accept the complaint's *factual* allegations as true and draw all reasonable inferences

from those allegations in the plaintiffs' favor. See id. Second, the court must determine whether

the "well-pleaded factual allegations … plausibly give rise to an entitlement to relief." Id. "A

claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at

1949 (citing Bell Atl. Corp., 550 U.S. at 556) (emphasis added).  This standard requires "more

than a sheer possibility that a defendant has acted unlawfully." Id. (citing Bell Atl. Corp., 550

U.S. at 557).  Indeed, when a complaint's allegations are "merely consistent" with liability, they

fall short of alleging a plausible claim for relief. Id.  Rather, to avoid dismissal, the pleading

must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp., 550

U.S. at 557.

   Plaintiffs' Amended Complaint falls far short of satisfying these pleading requirements.

## II.   The Amended Complaint Does Not State a Cognizable
##        Copyright Infringement Claim.

   In order to meet the foregoing standards "in copyright infringement cases, given the

principle enshrined in [Fed. R. Civ. P.] 8 - - namely, to provide defendants fair notice of the

5

claims asserted against them - - a plaintiff … may not rest on bare-bones allegations that infringement occurred." Jacobs v. Carnival Corp., 06 Civ. 0606 (DAB), 2009 U.S. Dist. LEXIS 31374, at *11 (S.D.N.Y. 2009).  Rather, "Rule 8 requires that the particular infringing acts be set out with some specificity."  Id. (citing Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 n. 3 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994)).

In particular, a complaint in a copyright infringement case must allege:  "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." Jacobs, 2009 U.S. Dist. LEXIS 31374, at *11-*12; Plunket v. Estate of Dame Jean Conan Doyle, 99 Civ. 11006 (KMW), 2001 U.S. Dist. LEXIS 2001, at *12 (S.D.N.Y. 2001).  "Broad, sweeping allegations of infringement do not comply with Rule 8."  Jacobs, 2009 U.S. Dist. LEXIS 31374, at *11.  Similarly, "while Rule 8 does not prohibit collective allegations" against multiple defendants, it does require that the allegations be "sufficient to put *each defendant* on notice of what they allegedly did or did not do."  Dunlop v. City of New York, 06 Civ. 0433 (RJS), 2008 U.S. Dist. LEXIS 38250, at *21 (S.D.N.Y. 2008) (emphasis added).  As such, "collective allegations do nothing, by themselves, to enhance the plausibility of plaintiffs' … claims as to any defendants other than those identified in the [particular] paragraphs [of the complaint] at issue."  Id.

In their Amended Complaint, plaintiffs purport to collectively assert a single cause of action for copyright infringement "against all [eight separate] defendants."  (Am. Compl. at 11.) Plaintiffs' infringement claim, however, manifestly fails to meet any, let alone all of the threshold pleading requirements necessary to sustain such a claim.

6

As to the first element, the Amended Complaint fails to identify all of the "specific original works" that ostensibly provide the predicate for plaintiffs' infringement claim. Rather than satisfy that essential pleading requirement, plaintiffs vaguely allege that defendants have uploaded "thousands" of unidentified recordings, "hundreds" of which (again unidentified) plaintiffs purportedly own, and then append to the Amended Complaint a self-styled "representative" list of certain of those works. In a *sub silentio* concession that they have failed to satisfy the first element of a copyright infringement claim, plaintiffs openly acknowledge that their "representative" lists fail to identify all of the original works at issue. It is well settled, however, that unilluminating allegations of "nebulous multiple [works]" and vague averments that a defendant infringed any of a number of works, are insufficient to plead a sustainable cause of action for infringement. See DiMaggio v. Int'l Sports Ltd., 97 Civ. 7767, 1998 U.S. Dist. LEXIS 13468, at *5 (S.D.N.Y. 1998); cf. Cole v. Allen, 3 F.R.D. 236, 237 (S.D.N.Y. 1942) (noting that "defendants are entitled to know what portions of the copyrighted work they are charged with having infringed"). Rather, each of the allegedly infringed works must be identified. DiMaggio, 1998 U.S. LEXIS 13468, at *5.

Plaintiffs fare no better on the second and third elements of their putative claim, *i.e.*, their alleged ownership and registration of the works at issue. In this regard, plaintiffs initially allege that, collectively and with no differentiation made as to any particular work, they "are the owners or exclusive United States licensees of sound recordings containing the performances of some of the most popular and successful recording artists of all time . . . " (Am. Compl. ¶ 32.); and then provide copyright registration numbers for only *some* of the works at issue, *i.e.*, those identified on their admittedly incomplete "representative" lists. (Id. Exs. G, H & I.) Compounding this pleading deficiency, plaintiffs' representative lists - - with the exception of the list concerning

7

UMG - - fail to even indicate which plaintiff owns which specific work. By failing to identify each of the works at issue, and by failing to identify the owners of the works that they do list, plaintiffs by definition have failed to sufficiently allege either ownership or registration of all of the works upon which they predicate their claim, and thus have failed to meet the second and third pleading requirements necessary to overcome a motion to dismiss in a copyright infringement case. See Calloway v. Marvel Entm't Grp., 82 Civ. 8697 (RWS), 1983 U.S. Dist. LEXIS 15688, at *8 (S.D.N.Y. 1983).

Plaintiffs similarly have failed to satisfy the final element of an infringement claim, as they provide no factual detail whatsoever to apprise each defendant "by what acts and during what time" that defendant allegedly infringed plaintiffs' copyrights. Jacobs, 2009 U.S. Dist. LEXIS 31374, at *11-*12. In this regard, plaintiffs merely allege, in sweeping and conclusory terms, that defendants have "directed the uploading of" or "personally uploaded thousands of infringing copies of copyrighted sound recordings including hundreds of infringing copies of Plaintiffs' copyrighted sound recordings to the Grooveshark website." (Am. Compl. ¶ 21, 26; see also id. ¶ 36 (alleging that "Escape's own CEO, officers and employees took on the direct responsibility for 'seeding' (i.e., uploading) a significant volume of infringing content….").) Strikingly absent from plaintiffs' allegations is any mention, let alone an adequate description, of which particular works were allegedly infringed by which particular defendants; of the dates or even time periods during which the allegedly infringing activities occurred; and of the geographic location where those alleged activities took place. In the place of these essential allegations, the Amended Complaint provides a vague chart setting forth - - with no factual detail - - the supposed "min[imum] number of uploads" attributable to certain, but not even all, of the defendants. (Id. ¶ 38.) That chart, however, which is not even restricted to sound recordings

8

purportedly owned by plaintiffs, does nothing to cure plaintiffs' abject failure to identify any specific infringing act of any defendant or the time period in which those acts allegedly were performed.

In light of the foregoing pleading deficiencies, plaintiffs' allegations are patently insufficient to satisfy the requirements of pleading copyright infringement against multiple defendants. Indeed, Courts of this District consistently have dismissed pleadings that, like plaintiffs' Amended Complaint, fail to specify in sufficient detail "which specific original works are the subject of the copyright claim" and "by what acts and during what time" the plaintiffs claim the infringements to have occurred. See Jacobs, 2009 U.S. Dist. LEXIS 31374, at *13-*17 (dismissing complaint predicated on performances of a musical play where the claims "quickly … descend into the realm of broad and conclusory speculation" and fail "to allege during what time *any* of the defendants infringed the copyrights" or where the infringements took place); Plunket, 2001 U.S. Dist. LEXIS 2001, at *16-*17 (dismissing copyright claim where the complaint lacked "sufficient detail as to the infringing acts alleged" and "fail[ed] to describe the time period during which infringing acts occurred"); Carell v. The Shubert Org., Inc., 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing copyright claim based on theatrical makeup designs where "each [defendant] is alleged to have "participated in some if not all" of the infringements [but] no details are provided"); Brought to Life Music, Inc. v. MCA Records, Inc., 02 Civ. 1164 (RWS), 2003 U.S. Dist. LEXIS 1967, at *8 (S.D.N.Y. 2003) (dismissing complaint alleging infringement of copyrights in musical recordings, as "Plaintiff has not attempted to describe by what acts and during what time [the defendant] infringed the copyright); Calloway, 1983 U.S. Dist. LEXIS 15688, at *8 (same).

9

By failing to identify all works at issue, allege ownership and registration of those works and provide defendants with notice concerning *which* works they are each alleged to have infringed, *where* the infringing activities are alleged to have taken place and *when* plaintiffs claim the infringements occurred, plaintiffs improperly "attempt to cast an infinite net over defendants ... hoping to catch [them] somewhere within it." Jacobs, 2009 U.S. Dist. LEXIS 31374, at *16-*17. Because of the vague, conclusory and undifferentiated allegations raised collectively against "all defendants," plaintiffs have made it impossible for defendants to properly defend against the serious claims asserted against them. How can a defendant admit or deny the alleged infringement of a copyrighted work if that work is neither identified nor linked to that defendant? Similarly, how can a defendant raise appropriate defenses - - including statute of limitations or similar defenses - - if the defendant is not given notice of when the alleged infringement of a particular work occurred?

As the Jacobs Court cautioned, allegations like those proffered by plaintiffs here "are the epitome of the fishing expedition dreaded in discovery, launched prematurely in the Complaint. Rule 8, however, will not allow it." Id. The glaring deficiencies in plaintiffs' Amended Complaint are fatal to their asserted copyright infringement claim and cannot be remedied, except, perhaps, by a new or amended pleading. See Brought to Life Music, Inc., 2003 U.S. Dist. LEXIS 1967, at *8 ("[M]ore specific allegations contained in an opposing brief cannot be used to supplement otherwise conclusory allegations in a complaint.").[3]

---

[3] Nor may plaintiffs accurately assert that the information required to set forth their claims in sufficient detail is solely in defendants' possession, as plaintiffs specifically aver in their Amended Complaint that they are in possession of such information, alleging that "Escape's business records establish" plaintiffs' claims for copyright infringement "unequivocally." Am. Compl. ¶ 5.

For the reasons set forth above, the Amended Complaint fails to state a claim as to *any* defendant, and, as such, defendants Escape, Samuel Tarantino and Joshua Greenberg hereby request dismissal of the claims asserted against them.

### III.   The Amended Complaint Contains Insufficient Factual Allegations to State a Claim Against Escape that is Plausible on its Face.

In addition to the fatal lack of detail discussed above concerning defendants' purported infringing activity, the allegations of liability in plaintiffs' Amended Complaint directed against the corporate defendant Escape are insufficient to meet the Iqbal "plausibility" standard for another reason.  As noted above, the *only* basis alleged in the Amended Complaint to hold Escape liable for the allegedly infringing acts of its employees is the anonymous hearsay comment of an individual claiming to "work for Grooveshark" - - but identified solely as "Visitor" - - buried among several dozen "comments" to a blog post on the website Digital Music News (the "Anonymous Comment").  (Am. Compl. ¶ 6 & Ex. D.)  The Anonymous Comment asserts, *inter alia*, that unidentified Escape employees "are assigned a predetermined amount of weekly uploads to the system and get a small extra bonus if we manage to go above that." [4]  (Id.)

Plaintiffs blindly adopt the Anonymous Comment wholesale as an allegation in the Amended Complaint and, with no other basis - - indeed, without even qualifying their allegations as based on "information and belief" - - aver that Escape and its senior officers "instructed," "directed" and "encouraged" Escape employees to upload copyrighted sound recordings to Grooveshark.  (Id. ¶¶ 6, 21, 27, 37, 39.)  Plaintiffs make no averment whatsoever concerning the

---

[4] Other comments to the same blog post by "peers" of the anonymous "Visitor" include a comment by someone self-identified as "party people!" that "there's too much hatin', and not enuf lovin' [sic]" and inviting readers to "come show some real love to those fluffy, wacky groovesharkers!"  (Am. Compl. Ex. D, a 12.)  As this comment and others like it unequivocally confirm, there is no screening process limiting user comments on Digital Music News to serious, trustworthy sources.

11

identity or supposed position at Escape of the author of the Anonymous Comment; nor do they attempt to provide any other indicia of reliability or factual support for his or her doubtful assertions. Because plaintiffs' copyright infringement claim against Escape, and their concomitant attempt to hold Escape liable for the allegedly infringing acts of its employees, rests entirely upon this dubious foundation, that claim fails to satisfy the plausibility standard required by Iqbal, and should be dismissed by this Court.

Plaintiffs' brazen repackaging of the Anonymous Comment as allegations of copyright infringement cannot create "plausibility" where none exists. First, the content of the Anonymous Comment is implausible on its face. As plaintiffs themselves allege, Escape's Grooveshark service provides internet users with access to a catalog of approximately 15 million sound recordings.[5] (Id. ¶¶ 2, 34.) In light of the immense size of that catalog, it is implausible at best that Escape would adopt and implement a policy of directing or encouraging its own employees to upload the "thousands" of sound recordings alleged in the Amended Complaint.

Second, even if the content of the Anonymous Comment was plausible (and it is not), plaintiffs do not allege any facts that endow those anonymous hearsay assertions with even the barest trace of reliability. The author of the Anonymous Comment is not revealed in the Amended Complaint, nor is that individual's position described in a manner that suggests that he or she has first-hand knowledge of what is asserted. Plaintiffs merely adopt the commenter's generic self-description as someone who "work[s] for Grooveshark," which suggests that plaintiffs have no idea who this person is; whether he or she actually has any affiliation with Escape (as opposed to its business competitors); or whether his or her assertions are entirely

---

[5] While craftily omitted from the Amended Complaint, it bears mention that - - as plaintiffs are fully aware - - Escape's catalog of recordings has attained such a massive size through the uploading of songs by third-party users and licensors, including, without limitation, the major record label EMI, MERLIN (a broad consortium of independent record labels) and thousands of artists and smaller independent record companies.

fanciful, and perhaps motivated by some animus toward Escape or other ulterior purpose.

Indeed, Escape considers the Anonymous Comment to be actionable defamation *per se*, and is

presently attempting to determine the identity of the individual who authored and published

those false assertions.[6]  Plaintiffs' failure, and apparent inability, to provide even a modicum of

*factual* information concerning the author of the Anonymous Comment renders their allegations

based upon that comment "no more than conclusions [that] are not entitled to the assumption of

truth." Iqbal, 129 S. Ct. at 1950.

The Courts of this District have consistently disregarded allegations based on anonymous

sources when a plaintiff provides no factual allegations to bolster the reliability of such sources.

"[A]t a minimum, a plaintiff must provide a description of any unnamed sources sufficient to

allow the court 'to infer that the witnesses are likely to possess the information contained in their

statements.'" Amorosa v. Ernst & Young LLP, 682 F. Supp. 2d 351, 371 (S.D.N.Y. 2010)

(finding plaintiffs' allegations concerning an anonymous disclosure "clearly insufficient to serve

as the basis for liability"); see also In re BISYS Secs. Litig., 397 F. Supp. 2d 430, 442 (S.D.N.Y.

2005) ("Where, as here, plaintiffs rely on confidential personal sources to support their

allegations . . . they must describe each informant 'with sufficient particularity to support the

probability' that someone in the informant's position would possess the information alleged.")

In a decision that is particularly instructive in this case, the BISYS Court disregarded allegations

that had identified anonymous witnesses "only as two former BISYS sales executives and a

'former fund accountant'" because "the plaintiffs have not alleged that any of these three

---

[6] While not a formal basis of the relief sought herein, it bears mention that, nearly a month ago, Escape invited UMG to join in its efforts to determine the identity of the author of the Anonymous Comment and asked UMG to reveal what, if any, knowledge it possessed regarding that individual.  Instructively, UMG never responded to Escape's overtures.  Thus, plaintiffs appear content to withhold whatever information they may possess concerning the author of the Anonymous Comment or, at a minimum, blindly rely on the Anonymous Comment without investigating its reliability.

informants held a particularly senior position at BISYS or worked in a division in which the fraud allegedly originated." In re BISYS, 397 F. Supp. 2d at 442. *A fortiori*, this Court should disregard plaintiffs' allegations based upon the Anonymous Comment, as plaintiffs have blindly relied upon its unidentified author without *any* allegations (or knowledge) concerning his or her supposed position at Escape or any other indicia of the reliability of his or her assertions.

Properly disregarding plaintiffs' allegations based upon the Anonymous Comment, the Amended Complaint's claims against Escape collapse, as there remains no averment that Escape "instructed" or "directed" its employees to upload sound recordings to the Grooveshark service. Rather, absent plaintiffs' reliance on the Anonymous Comment, plaintiffs' allegations are reduced to generalizations concerning the scope of purported uploading of sound recordings by the individual employee defendants. As set forth above, however, those allegations fail to provide sufficient detail concerning which works were allegedly infringed, by which employees, where and at what time and, as such, cannot independently support a claim against any of the defendants, including Escape. And even if those allegations contained sufficient details of the alleged infringement (which they do not), the mere existence of alleged uploads of sound recordings by Escape employees, while perhaps not inconsistent with company "instruction" or "direction" of those acts, does not state a claim against Escape, as opposed to the individual defendants. Rather, under Iqbal, allegations that are "merely consistent" with liability fail to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949.

As plaintiffs' Amended Complaint thus fails to state a plausible claim for relief against Escape, that claim should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Amended Complaint as to Escape, Tarantino and Greenberg, without prejudice to plaintiffs filing a Second Amended Complaint curing - - if they can - - the pleading deficiencies identified in this Memorandum. The Court should further direct that, if plaintiffs choose to reassert their claims in such an amended pleading, they must identify each copyrighted work at issue - - not merely a "representative list" - - and identify which works are allegedly owned by which plaintiffs, confirm the registration of such works, and specify which defendant or defendants allegedly infringed which of those works, through what acts, at what location, and during what time period. In addition, the Court should order that any amended claim asserted against the corporate defendant Escape based upon alleged direction by the company of copyright infringement by its employees must include factual allegations sufficiently identifying and supporting the credibility of the author of the Anonymous Comment, or must rest upon some independent and sufficient basis supporting the attribution of alleged employee infringement to the corporation.

Dated:    February 29, 2012
          New York, New York

                                    ROSENBERG & GIGER P.C.


                                    By: _____
                                          Matthew H. Giger (MG3731)
                                          John J. Rosenberg (RG1206)
                                          Brett T. Perala (BP0913)
                                          488 Madison Avenue, 10th Floor
                                          New York, NY  10022
                                          Tel.  (212) 705-4824
                                          Fax  (212) 593-9175

                                    *Attorneys for Defendants Escape Media
                                    Group, Inc., Samuel Tarantino and Joshua
                                    Greenberg*

15