UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

ARISTA MUSIC, ARISTA RECORDS )
LLC, ATLANTIC RECORDING )
CORPORATION, ELEKTRA )
ENTERTAINMENT GROUP INC., )
LAFACE RECORDS LLC, SONY ) 11 Civ. 8407 (TPG)(KNF)
MUSIC ENTERTAINMENT, UMG )
RECORDINGS, INC., WARNER BROS. )
RECORDS INC. and ZOMBA ) **ANSWER**
RECORDING LLC, )
)
            Plaintiffs, )
)
    against )
)
ESCAPE MEDIA GROUP, INC., )
SAMUEL TARANTINO, JOSHUA )
GREENBERG, PAUL GELLER, )
BENJAMIN WESTERMANN-CLARK, )
JOHN ASHENDEN, CHANEL )
MUNEZERO and NIKOLA ARABADJIEV, )
)
            Defendants. )

---

Defendants Escape Media Group, Inc. ("Escape"), Samuel Tarantino ("Mr. Tarantino") and Joshua Greenberg ("Mr. Greenberg") (collectively, "defendants"), by and through their attorneys, Rosenberg & Giger P.C., as and for their Answer to the correspondingly numbered paragraphs of the Amended Complaint (the "Complaint") filed by plaintiffs Arista Music, Arista Records LLC, Atlantic Recording Corporation, Elektra Entertainment Group Inc., LaFace Records LLC, Sony Music Entertainment, UMG Recordings, Inc., Warner Bros. Records Inc. and Zomba Recording LLC (collectively, "plaintiffs") hereby aver as follows:

## NATURE OF ACTION

1.   Defendants deny the allegations set forth in this paragraph of the Complaint, except they admit that Escape owns and operates the website www.grooveshark.com.

2.   Defendants deny the allegations set forth in this paragraph of the Complaint, except they admit (1) that the Grooveshark website accurately states that it contains "over 15 million files," (2) that Escape's Grooveshark service provides access to recordings by Michael Jackson, Bob Marley, Madonna, Led Zeppelin, Green Day, Elton John, Jay-Z and Lady Gaga, and (3) that Escape has not obtained a license or authorization directly from plaintiffs concerning the streaming of all of plaintiffs' sound recordings via Grooveshark, although, in so answering, defendants deny that Escape was or is required to do so.

3.   Defendants deny the allegations set forth in the first sentence of this paragraph of the Complaint. The remaining allegations set forth in this paragraph of the Complaint purport to quote from and attempt to characterize documents that, in their entirety, speak for themselves. To the extent that those allegations misstate or mischaracterize the substance, content or import of those documents, or cite to them out of context or in a misleading fashion, they are denied.

4.   Defendants deny the allegations set forth in the first sentence of this paragraph of the Complaint. The allegations set forth in the second and third sentences of this paragraph of the Complaint purport to quote from and attempt to characterize documents that reflect privileged settlement communications and, in any event, in their entirety, speak for themselves. To the extent that those allegations misstate or mischaracterize the substance, content or import of those documents, or cite to them out of context or in a misleading fashion, they are denied. Defendants deny the allegations set forth in the fourth and fifth sentences of this paragraph of the

Complaint, except they admit that certain of the plaintiffs have refused to grant licenses to Escape.

5. Denied.

6. Denied.

7. Defendants deny the allegations set forth in this paragraph of the Complaint, except defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph concerning plaintiffs' "invest[ment]" in their copyrighted works.

## THE PARTIES

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

17. Admitted.

18. Defendants admit that Mr. Tarantino is a co-founder and the Chief Executive Officer of Escape, and deny the remaining allegations set forth in this paragraph of the Complaint.

19. Defendants admit that Mr. Greenberg is a co-founder and the Chief Technology Officer of Escape, and that Mr. Greenberg lives and works in Florida, and deny the remaining allegations set forth in this paragraph of the Complaint.

20. Defendants admit that Paul Geller is Escape's Senior Vice President for External Affairs, and deny the remaining allegations set forth in this paragraph of the Complaint.

21. Denied.

22. Defendants admit that Benjamin Westermann-Clark lives and works in Florida, and deny the remaining allegations set forth in this paragraph of the Complaint.

23. Denied.

24. Admitted.

25. Admitted.

26. Denied.

## JURISDICTION AND VENUE

27.  The allegations set forth in the first, second, fourth, sixth and seventh sentences of this paragraph of the Complaint state legal conclusions to which no response is required in this Answer, although in so answering, defendants aver that this Court lacks personal jurisdiction over Mr. Greenberg and defendants Paul Geller, Benjamin Westermann-Clark, Chanel Munezero and Nikola Arabadjiev. To the extent that a response to said allegations is required, defendants deny the same, except defendants admit that Escape transacts business in New York. Defendants admit the allegations set forth in the third sentence of this paragraph of the Complaint. With respect to the allegations set forth in the fifth sentence of said paragraph, defendants deny that Escape has "entered into contracts or other arrangements with residents of New York which enable New York residents to access infringing files," but admit that Escape has entered into contracts or arrangements with residents of New York for other services through the Grooveshark website.

28.  The allegations set forth in this paragraph of the Complaint state legal conclusions to which no response is required in this Answer. To the extent that a response to said allegations is required, defendants deny the same, except defendants do not contest that this Court has personal jurisdiction over Mr. Tarantino, and they admit that Mr. Tarantino and Mr. Greenberg are Escape's founders and that Mr. Tarantino has entered New York repeatedly for purposes of transacting business on behalf of Escape.

29.  The allegations set forth in this paragraph of the Complaint state legal conclusions to which no response is required in this Answer. To the extent that a response to said allegations is required, defendants deny the same.

30. The allegations set forth in the first sentence of this paragraph of the Complaint state legal conclusions to which no response is required in this Answer. To the extent that a response to said allegations is required, defendants deny the same. Defendants deny the allegations set forth in the second and fifth sentences of this paragraph of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in third and fourth sentences of said paragraph.

### PLAINTIFFS' BUSINESSES

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

### DEFENDANTS' INFRINGING CONDUCT

34. Defendants deny the allegations set forth in the first and second sentences of this paragraph of the Complaint, except defendants admit that Escape operates the Grooveshark website. The allegations set forth in the third and fourth sentences of said paragraph purport to quote from and attempt to characterize documents that, in their entirety, speak for themselves. To the extent that those allegations misstate or mischaracterize the substance, content or import of those documents, or cite to them out of context or in a misleading fashion, they are denied.

35. Defendants admit that they have not obtained a license or authorization directly from plaintiffs concerning the streaming of all of plaintiffs' sound recordings via Grooveshark,

although, in so answering, defendants deny that they were or are required to do so. Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

  36. Defendants deny the allegations set forth in this paragraph of the Complaint, except they admit that Escape's Grooveshark website permits users to upload non-infringing sound recordings.

  37. Denied.

  38. Denied.

  39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph of the Complaint. Defendants deny the remaining allegations set forth in said paragraph, except they admit that sound recordings, once uploaded to Grooveshark, become available to all users of the Grooveshark website.

  40. Denied.

  41. Defendants deny the allegations set forth in the first sentence of this paragraph of the Complaint, except defendants admit that they have not obtained a license or authorization directly from plaintiffs concerning the streaming of all of plaintiffs' sound recordings via Grooveshark, although, in so answering, defendants deny that they were or are required to do so. The allegations set forth in the second sentence of said paragraph state a legal conclusion to which no response is required in this Answer. To the extent that a response to said allegations is required, defendants deny the same.

## CLAIM FOR RELIEF

### Federal Copyright Infringement
### (Against All Defendants)

42. Defendants incorporate herein by reference in their entirety their answers to the preceding paragraphs of the Complaint, as if fully set forth here.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over defendant Joshua Greenberg.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and the Cause of Action asserted therein, fail to state claims upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims may be barred in whole or in part because plaintiffs have not obtained copyright registrations for the songs allegedly infringed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statutory immunity granted to service providers such as Escape under 17 U.S.C. § 512.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any alleged damages were caused by independent acts of third parties of which defendants had no knowledge, over which defendants had no control and for which defendants may not be held liable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from raising the claims asserted in their Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs waived the claims asserted in their Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the relief sought in connection therewith, are barred in whole or in part by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that any uploads by users and/or streaming of the sound recordings at issue in the Complaint was authorized or does not constitute direct infringement by users of Grooveshark.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of defendants was licensed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no injury or damage as a result of any act or conduct of any of the defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because they cannot show that they will suffer irreparable harm absent an injunction nor can they establish the other elements required for injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including, without limitation, their claims to statutory damages, are barred in whole or in part because defendants have not willfully infringed any intellectual property or other rights owned by plaintiffs and because defendants have acted in good faith and without intention of injuring plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses, including upon the discovery of new or previously unknown information.

WHEREFORE, based on the foregoing Answers and Affirmative Defenses, defendants Escape Media Group, Inc., Samuel Tarantino and Joshua Greenberg respectfully request that this Court enter judgment in their favor and against plaintiffs on all claims asserted against those defendants in the Complaint, or, in the alternative, that this Court dismiss plaintiffs' Complaint with prejudice in its entirety, and that, as a concomitant thereto, this Court award those defendants their costs and attorneys' fees incurred in this action (including, without limitation,

pursuant to 17 U.S.C. § 505) and grant such other and further relief as this Court may deem just and appropriate in the circumstances.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated: April 30, 2012
       New York, New York

ROSENBERG & GIGER P.C.

By: _____
John J. Rosenberg (JR 5292)
Matthew H. Giger (MG 3731)
Brett T. Perala (BP 0913)
488 Madison Avenue, 10th Floor
New York, New York 10022
(212) 705-4824

*Attorneys for Defendants Escape Media Group, Inc., Samuel Tarantino and Joshua Greenberg*

## CERTIFICATE OF SERVICE

    I am an attorney admitted to practice in this Court, and I certify that, on this 30th day of April 2012, I caused a true and correct copy of the foregoing Answer to be served upon the attorneys of record for all of the parties hereto by operation of this Court's electronic filing system.

                                                                                       _____

                                                                                         BRETT T. PERALA