Griesa J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/12
```

ARISTA MUSIC, ARISTA RECORDS LLC,      )
ATLANTIC RECORDING CORPORATION,        )
ELEKTRA ENTERTAINMENT GROUP INC.,      )
LAFACE RECORDS LLC, SONY MUSIC         )
ENTERTAINMENT, UMG RECORDINGS, INC.,   )
WARNER BROS. RECORDS INC., AND         )
ZOMBA RECORDING LLC,                   )
                                       )       11-CIV-8407
            *Plaintiffs,*               )
                                       )
     v.                                )       [PROPOSED] STIPULATED
                                       )       PROTECTIVE ORDER
ESCAPE MEDIA GROUP INC., SAMUEL        )
TARANTINO, JOSHUA GREENBERG, PAUL      )
GELLER, BENJAMIN WESTERMANN-CLARK,     )
JOHN ASHENDEN, CHANEL MUNEZERO,        )
NIKOLA ARABADJIEV,                     )
                                       )
            *Defendant.*                )
                                       )
```

Plaintiffs Arista Music, Arista Music LLC, Atlantic Recording Corporation, Elektra

Entertainment Group, Inc., LaFace Records LLC, Sony Music Entertainment, UMG Recordings,

Inc. Warner Bros. Records Inc., and Zomba Recording LLC ("plaintiffs"), and Defendants

Escape Media Group, Inc., Samuel Tarantino, Joshua Greenberg, Paul Geller, Benjamin

Westermann-Clark, John Ashenden, Chanel Munezero, and Nikola Arabadjiev ("defendants")

(plaintiffs and defendants are sometimes referred to herein individually as a "Party" and

collectively as the "Parties"), through their respective counsel of record, hereby submit this

Confidentiality and Protective Order ("Protective Order") for the Court to so order.

Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

1.      This Protective Order governs the handling of any document, information or other

materials exchanged by the Parties or received from third parties in response to any discovery or

other method authorized or permitted by the Federal Rules of Civil Procedure, in connection

with all phases of the above-captioned action leading up to trial, including, but not limited to, the

filing of any pleadings, answering any discovery requests, taking depositions, filing motions, and

preparing transcripts and exhibits.  This Protective Order does not govern proceedings during

trial, nor does it prohibit any Party from seeking a separate protective order to govern trial

proceedings; however, this Protective Order shall govern all testimony taken at a pretrial hearing

or other proceeding in this Action, other than the trial.  Any information or materials produced

by any Party or third party as part of discovery or other pre-trial aspects of this Action may be

designated "Confidential" or "Highly Confidential" by such Party or third party pursuant to

Paragraph 2 of this protective order.

     2.     As used herein:

     (a)     "Confidential Information" shall include any documents and testimony

which the Producing party or third party reasonably believes not to be in the public

domain and contains any trade secret or other confidential financial, business, research,

development, technical, strategic, and/or personal information, the disclosure of which

would, in the good faith judgment of the party designating the material as confidential, be

detrimental to the conduct of that party's business or the business of any of that party's

customers or clients or, in the case of individual defendants, can reasonably be

considered violative of, or detrimental to, their personal privacy if made available to

individuals or entities other than those identified in paragraph 4, below..

     (b)     "Highly Confidential Information" shall include any Confidential

Information which the producing Party or third party reasonably believes to be so

2

sensitive that it is entitled to extraordinary protections afforded such information under this protective order.

(c)     "Producing party" shall mean the Parties to this Action and any third-parties producing "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise in the Action, or the party asserting the confidentiality thereof, as the case may be.

(d)     "Receiving party" shall mean any Party to this Action receiving "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise in the Action.

(e)     "State Court Action" shall mean Case Index No. 100152/10, *UMG Recordings, Inc. v. Escape Media Group, Inc.*

3.     A Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other information or material as Confidential Information or Highly Confidential Information.  If the Producing party does not agree to de-designate or re-designate such document, information or material, such Receiving party may move before the Court for an order de-designating or re-designating those documents, information or materials.  If no such motion is filed and granted, such documents, information and/or materials shall continue to be treated as initially designated by the Producing party.  If such motion is filed, the documents, information and/or other materials that are the subject thereof shall continue to be treated as Confidential Information or Highly Confidential Information (according to their initial designations) unless and until the Court rules otherwise. The burden of demonstrating that information has been properly designated under this Order is on the Party or third-party making the designation.

3

4.      Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)      personnel of plaintiffs or defendants directly assisting in the Action or to Samuel Tarantino, Joshua Greenberg, Paul Geller, Benjamin Westermann-Clark, John Ashenden, Chanel Munezero, and Nikola Arabadjiev, provided that such persons have been advised by their outside counsel about this Order and they have acknowledged their obligations hereunder;

(b)      outside counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the Action, are under the supervision or control of such counsel, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

(c)      in-house counsel for the Parties who are necessary for the furtherance of and are directly assisting in the Action and staff and supporting personnel of such attorneys who are under their supervision or control, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

(d)      expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with the Action or to give testimony with respect to the subject matter of the Action at the trial of the Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(e)      the Court and court personnel, if filed in accordance with paragraph 12 hereof;

4

(f)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer who are under their supervision or control and who have been advised by such officer of and have acknowledged their obligations hereunder, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(g)     witness at trial, deposition and hearings or other proceedings in the Action, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(h)     any other person agreed to by the parties in writing prior to any disclosure to such person.

5.     Except with the prior written consent of the Producing party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 4(b)-(h).

6.     Confidential Information and Highly Confidential Information shall be utilized by the Receiving party and those to whom it is entitled to disclose such information solely for purposes of the Action and for no other purposes.

7.     Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraph 4(d) or 6 hereof, counsel for the Receiving party shall obtain the expert's written, signed agreement, in the form of Exhibit A attached hereto, to comply with and be bound by this protective order.

8.     All depositions shall presumptively be treated as Confidential Information hereunder and subject to this protective order during the deposition and for a period of twenty (20) days after a final transcript of said deposition is mailed via overnight mail by counsel for the

5

deposing party to counsel for the witness with a copy to all other parties. At or before the end of such twenty day period, the deposition shall be designated appropriately, failing which the entire transcript shall be deemed non-confidential.

9.  Should the need arise for any of the Parties to disclose Confidential Information or Highly Confidential Information during any hearing, trial or other proceeding before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Party intending to make such disclosure (or the Producing Party), shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

10.  This protective order shall not preclude counsel for the Parties from using any documents, information or materials which have been designated as "Confidential Information" or "Highly Confidential Information" during any deposition in the Action in accordance with the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential Information at a deposition shall, at least three days prior thereto, be provided with a copy of this protective order and shall execute the certificate annexed hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other Parties.

11.  A party may designate any document, information, materials or deposition testimony produced or given by any third party to the Action, or any portion thereof, as Confidential Information or Highly Confidential Information subject to this protective order. In the case of documents, such designation shall be made by notifying all counsel in writing of such documents, information, or materials which are to be designated and treated as such within fifteen (15) days after actual receipt of copies of such documents, information, or materials by counsel for the Party asserting confidentiality thereof. All documents, information, or materials

6

78139.1

produced by a third party to the Action shall be treated as "Highly Confidential Information" under this protective order pending such notice of designation by a Party or the expiration of the aforesaid 15-day period.  In the case of deposition testimony, designation shall be made in accordance with Paragraph 8 above.

12.     Any Party may file with the Court any documents, information or materials previously designated as comprising or containing Confidential Information or Highly Confidential Information by submitting such documents to the Clerk of Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Action, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents, information or materials which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents, information and/or materials shall be returned by the Clerk of the Court upon disposition of the motion or other proceeding for which they were submitted.

All pleadings, briefs, memoranda or other submissions that reproduce, paraphrase or disclose any documents, information or materials which have previously been designated by a party as comprising or containing Confidential Information or Highly Confidential Information shall

7

identify such documents, information or material by the production number ascribed to them at the time of production.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.     If a Producing party inadvertently produces any document, information or materials in response to discovery requests (or otherwise) in this Action that the Producing party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Material"), such inadvertent production will not be deemed to waive any privilege, work product or other protection. In such a case, the Producing party may request the return of any such document, information or materials that it inadvertently produced by identifying the Inadvertently Produced Privileged Material and stating the basis for withholding such document, information or material from production. If a Producing party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Material then in the custody of one or more Parties, the possessing Parties shall, within five (5) business days of their receipt of such a request destroy or return to the Producing party the Inadvertently Produced Privileged Material and all copies thereof and shall make reasonable efforts to expunge from any other document or material information derived from the Inadvertently Produced Privileged Material. A Party may move the Court for an order compelling production of a document, information or material reclaimed as Inadvertently Produced Privileged Material, but said Party may not assert as a ground for such an order the fact or circumstances of the inadvertent production. Nothing in this protective order shall preclude a Party from arguing that the

8

production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that conduct other than the alleged inadvertent production in this Action constitutes a waiver of any privilege that may otherwise apply thereto.

15.     The production or disclosure of Confidential Information or Highly Confidential Information in this Action shall in no way constitute a waiver of any Party's right to object to the production or disclosure of other information in this Action or any information in any other action.

16.     This protective order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this protective order or other duty of confidentiality; or (b) a Receiving party can demonstrate was already known to that Party prior to the time of disclosure and was not subject to conditions of confidentiality.

17.     This protective order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this protective order or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate hereunder or under the Federal Rules of Civil Procedure or other applicable law.

18.     (a) All documents, information, or materials produced by Escape Media Group, Inc. in the State Court Action will be deemed to have been produced to all plaintiffs in this Action subject to all of the provisions of this protective order (including, without limitation, paragraphs 2, 16 and 19) and shall be treated by plaintiffs under this protective order in accordance with the same confidentiality designations given to them by Escape in the State Court Action or as otherwise agreed to by the Parties.  Escape further agrees that the "Employee Data" (as defined by letter agreement between the parties dated March 9, 2012 and submitted to the Court with the Parties' Proposed Stipulated Interim Protective Order on or about March 9, 2012)

9

shall be treated as "Confidential" for the purposes of this Action in accordance with the terms set forth herein.

(b)   All documents, information, or materials produced by UMG Recordings, Inc. in the State Court Action will be deemed to have been produced to all defendants in this action subject to all of the provisions of this protective order (including, without limitation, paragraphs 2, 16 and 19) and shall be treated by plaintiffs under this protective order in accordance with the same confidentiality designations given to them by Escape in the State Court Action or as otherwise agreed to by the Parties.

19.    This protective order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that were filed or otherwise presented as exhibits in Court (unless such exhibits were filed under seal or otherwise protected from public disclosure by Order of the Court); and (b) that a party may seek the written permission of the Producing party or further Order of the Court with respect to dissolution or modification of this protective order. Absent prior written consent of all Parties or Order of the Court, the provisions of this protective order shall continue to be binding after the conclusion of this Action.

20.    Entering into this protective order, producing or receiving documents, information or materials designated under this protective order, not objecting to any designation under this protective order, or otherwise complying with the terms of this protective order shall not:

a.   operate as an admission by any Party that any particular document, information or material designated under this protective order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

10

    b.  waive or prejudice in any way the rights of any Party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this protective order;

    c.  waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this protective order;

    d.  waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information or material should be subject to the terms of this protective order;

    e.  waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

    f.  waive or prejudice in any way the rights of any Party to comment on this Action, so long as such comment does not reveal or disclose any document, information or materials in violation of this protective order.

21.    Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all rights of appeal, all Confidential Information or Highly Confidential Information produced or designated in the Action and all reproductions and uses thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party.  In the event that a Producing party elects to require the Receiving party to destroy documents, information and materials designated under this protective order, the Producing party shall so notify the Receiving party in writing and the Receiving party shall certify in writing within thirty (30) days of its receipt of such notice or sixty (60) days of the final termination of this Action, that it has undertaken its best efforts to, and to the best of its knowledge did, destroy such documents, information and materials.  Notwithstanding anything to the contrary contained

11

herein, counsel of record for the Parties may retain one copy of their own work product, a copy of all pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits even if the same contain documents, information or materials designated hereunder as Confidential Information or Highly Confidential Information.

22.     This protective order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this protective order shall prohibit or interfere with the ability of counsel for any Party, or of experts retained for the Action, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters so long as such counsel and/or expert complies with the terms of this protective order.

23.     This protective order may be modified or amended by further Order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED:

Dated: July 16, 2012          **JENNER & BLOCK LLP**

By: _____
            Andrew H. Bart
            Gianni P. Servodidio

*Attorneys for Plaintiffs*

Dated: July 17, 2012          **ROSENBERG & GIGER P.C.**

By: _____
            John J. Rosenberg

12

78139.1

Matthew H. Giger

*Attorneys for Defendants Escape Media Group, Inc.,
Samuel Tarantino and Joshua Greenberg*

**FRANKFURT KURNIT KLEIN & SELZ PC**

By:  _____

Edward Rosenthal
Marisa Sarig

*Attorneys for Defendants Paul Geller, Benjamin Westermann-
Clark, John Ashenden, Chanel Munezero, Nikola Arabadjiev*

IT IS SO ORDERED.

Dated: _____, 2012

_____
UNITED STATES DISTRICT JUDGE

13